**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAWANDA WARD,** | : | **Civil Action No. 2:25-cv-5922** |
| **1524 S Allison Street** | : | |
| **Philadelphia, PA 19143** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **PIEDMONT AIRLINES, INC.,** | : | |
| **8500 Essington Avenue** | : | |
| **Philadelphia, PA 19153** | : | |
| | : | |
| **5443 Airport Terminal Road** | : | |
| **Salisbury, MD 21804** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Tawanda Ward (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Piedmont Airlines, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), Philadelphia Fair Practices Ordinance ("PFPO"), and the Family and Medical Leave Act of 1993, as amended ("FMLA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Piedmont Airlines, Inc. is a regional airline with a location at 8500 Essington Avenue, Philadelphia, PA 19153 and with corporate headquarters located at 5443 Airport Terminal Road, Salisbury, MD 21804.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweeks in the current or preceding year relevant to the matter at issue.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus

satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted her administrative remedies under Title VII, the ADA, PHRA and the PFPO.

15. Plaintiff timely filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging race and disability discrimination as well as retaliation against Defendant.

16. The Charge was assigned a Charge Number 530-2025-04754 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request

3

relative to the Charge and that Notice is dated July 17, 2025.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and more than one year after filing, but within two (2) years of the issuance of the Right to Sue in this matter, as it relates to her PHRA and PFPO claims.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Plaintiff was born in 1984 and is a Black female.

23. On December 19, 2011, Defendant hired Plaintiff in the position of Ramp Agent.

24. Plaintiff was well qualified for her position and performed well.

25. Defendant proceeded to promote Plaintiff to Agent Bag Runner.

26. Plaintiff was well qualified for her position and performed well.

## MANAGEMENT HARASSED PLAINTIFF

27. In April 2024, Chris Ezeodum (non-disabled), Ramp Duty Manager, began to tell Plaintiff that she was working too slowly and began to issue her disciplines for alleged low productivity.

28. Plaintiff was not working slowly and maintained her productivity as usual.

29. Plaintiff felt that Ezeodum's comments were directed towards her gender and age.

4

## PLAINTIFF REPORTED THE HARASSMENT, BUT DEFENDANT REFUSED TO ADDRESS IT

30. On May 9, 2024, Plaintiff met with Cerin Alvarez (Hispanic), Ramp Senior Duty Manager, and complained about how she was being harassed and treated differently than her coworkers.

31. However, Alvarez did not properly address Plaintiff's complaint and informed her that she did not believe that Plaintiff was being harassed.

## PLAINTIFF WENT OUT ON APPROVED FMLA LEAVE

32. On May 27, 2024, Angela J. Cooper, Psychotherapist, placed Plaintiff on a medical leave of absence in the form of Family Medical Leave Act ("FMLA") leave due to stress caused by the harassment.

33. On June 19, 2024, Cooper cleared Plaintiff to return to work on June 24, 2024.

## DEFENDANT REFUSED TO ALLOW PLAINTIFF TO RETURN TO WORK UNTIL SHE COMPLETED TRAINING

34. On June 24, 2024, Plaintiff attempted to return to work, but Defendant informed her that she would have to complete training again for her Agent Bag Runner position scheduled for July 8 and July 9, 2024.

35. This alleged requirement for Plaintiff to complete training again following the return from a medical leave of absence was not a part of Defendant's policies and procedures.

36. Plaintiff completed the training as allegedly required by Defendant.

## PLAINTIFF REQUESTED A REASONABLE ACCOMMODATION WHILE SHE WAS WAITING TO RETURN BACK TO WORK

37. Plaintiff proceeded to request the reasonable accommodation of additional bathroom breaks due to her diabetes.

38. Diabetes is a serious medical condition that is considered to be a disability under the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").

39. The major life activities affected by diabetes, include, but are not limited to, eating, working and endocrine function.

40. Defendant approved Plaintiff's reasonable accommodation request.

## DEFENDANT PLACED PLAINTIFF BACK ON THE SCHEDULE APPROXIMATELY SIX (6) WEEKS AFTER SHE COMPLETED THE TRAINING

41. However, Defendant did not allow Plaintiff to return to work until on or about August 19, 2024.

42. Plaintiff believed that this extended delay regarding her return to work was in retaliation for her medical leave of absence and request for the reasonable accommodation of additional bathroom breaks.

## PLAINTIFF FILED A CHARGE OF DISCRIMINATION WITH THE EEOC

43. In or around November 2024, Plaintiff filed an Inquiry with the EEOC.

44. On or about January 17, 2025, Plaintiff signed her Charge of Discrimination with the EEOC against Defendant alleging age, race and disability discrimination as well as retaliation.

45. The Charge was assigned the Charge No. 530-2024-06366.

## PLAINTIFF'S COWORKERS BEGAN TO HARASS PLAINTIFF FURTHER

46. On or about December 9, 2024, Plaintiff informed Sheldon Health (non-disabled), Agent, that she was not able to swap a day with Heath due to the swap request being rescinded.

47. Plaintiff offered to swap other days with Heath.

6

48. However, Heath began to harass Plaintiff by accusing her of not being willing to swap shifts with other Agents.

49. Heath also got other Agents and Managers to harass Plaintiff by threatening her to take certain shifts.

## PLAINTIFF COMPLAINED ABOUT THE HARASSMENT, BUT DEFENDANT REFUSED TO ADDRESS IT

50. On or about February 6, 2025, Plaintiff complained to management about the harassment that she was being subjected to.

51. However, management did not respond to Plaintiff's complaint.

## DEFENDANT SUSPENDED PLAINTIFF AFTER IT DID NOT ASSIGN HER A FLIGHT

52. On or about February 16, 2025, Christian Garcia (Hispanic), Ramp Duty Manager, called Plaintiff to see if she was out of work.

53. Plaintiff was at work and informed Garcia that she was.

54. However, Garcia proceeded to clock Plaintiff out and did not assign her to a flight.

55. On or about February 17, 2025, Garcia blamed Plaintiff for being clocked out the previous day and suspended her over the incident.

## DEFENDANT TERMINATED PLAINTIFF

56. On or about February 26, 2025, Alvarez terminated Plaintiff due to allegedly leaving her work area.

57. Plaintiff had been sitting in the bag room because she had not been assigned a flight by management.

58. Plaintiff had followed Defendant's policies and procedures by waiting in the bag room to be assigned a flight.

59. Plaintiff was 40 years old at the time of her termination.

60. Plaintiff had intended to retire from Defendant on August 2, 2030, which Defendant was aware of.

61. Defendant discriminated against Plaintiff due to her age, race and disability and retaliated against her for engaging in protected activity in violation of the ADEA, Title VII, the ADA, the PHRA and the PFPO.

62. Defendant also retaliated against Plaintiff for utilizing her rights under the FMLA in violation of the FMLA.

63. Defendant's conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

65. Plaintiff was born in 1984.

66. Plaintiff was qualified to perform the job.

67. Defendant terminated Plaintiff.

68. Defendant treated younger employees more favorably than Plaintiff.

69. Defendant has no legitimate non-discriminatory reason for its actions.

70. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her age.

73. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – AGE DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

74. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

75. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her age.

76. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

77. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

78. Plaintiff is a member of protected classes in that she is Black.

79. Plaintiff was qualified to perform the job for which she was hired.

80. Plaintiff suffered adverse job actions, including, but not limited to termination.

81. Similarly situated people outside of Plaintiff's protected class were treated more

9

favorably than Plaintiff.

82. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

83. Defendant discriminated against Plaintiff on the basis of race.

84. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

85. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

86. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

87. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

88. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race (Black).

89. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RACE DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

90. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

10

91. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race (Black).

92. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VII – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

93. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

94. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

95. Plaintiff was qualified to perform the job.

96. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

97. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

98. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

99. Plaintiff's disabilities motivated Defendant's decision to take adverse actions against Plaintiff.

100. The purported reason for Defendant's decision is pretextual.

11

101. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

102. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

103. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

104. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VIII – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

105. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

106. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

107. Plaintiff was qualified to perform the job.

108. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

109. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

110. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse

12

employment actions.

111. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

112. The purported reason for Defendant's decision is pretextual.

113. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

114. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

115. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IX – DISABILITY DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

116. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

117. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

118. Plaintiff was qualified to perform the job.

119. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

120. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

121. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

122. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

123. The purported reason for Defendant's decision is pretextual.

124. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

125. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

126. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT X – RETALIATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

127. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

128. Plaintiff engaged in activity protected by the ADEA.

129. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

130. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

131. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

14

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT XI – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

132. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

133. Plaintiff engaged in activity protected by Title VII.

134. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

135. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

136. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT XII – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

137. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

138. Plaintiff engaged in activity protected by the ADA.

139. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

140. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

15

141. Defendant's Conduct was willful or with reckless disregard to Plaintiff's Federal Statutory Rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT XIII – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

142. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

143. Plaintiff engaged in activity protected by the PHRA.

144. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

145. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT XIV – RETALIATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

146. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

147. Plaintiff engaged in activity protected by the PHRA.

148. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

149. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

16

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT XV – RETALIATION
## THE FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

150. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

151. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

152. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for her own serious medical conditions.

153. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

154. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by terminating her employment.

155. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

156. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

157. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

158. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health

17

benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

159. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Tawanda Ward, requests that the Court grant her the following relief against Defendant:

(a)    Damages for past and future monetary losses as a result of Defendant's unlawful employment practices;

(b)    Compensatory damages for, *inter alia*, mental anguish, humiliation, and emotional pain and suffering as well as any other expenses incurred by Plaintiff due to Defendant's unlawful employment practices;

(c)    Punitive damages;

(d)    Liquidated damages;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

18

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, Title VII, the ADA, the PHRA, the PFPO and the FMLA.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: October 15, 2025          By:    */s/David M. Koller*
                                       David M. Koller, Esquire (Pa 90119)
                                       Jordan D. Santo, Esquire (Pa 320573)
                                       2043 Locust Street, Suite 1B
                                       Philadelphia, PA 19103
                                       215-545-8917
                                       davidk@kollerlawfirm.com
                                       jordans@kollerlawfirm.com

                                       *Counsel for Plaintiff*

20